# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., a Delaware Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>BARRY HONIG, et al.,<br><br>  Defendants. | Case No.: 19-cv-981-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Remand filed by Plaintiff MabVax Therapeutics Holdings, Inc. (ECF No. 21).

**I.  BACKGROUND**

On April 8, 2019, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of San Diego against Defendants. (ECF No. 1-2). Plaintiff is a clinical-stage biotechnology company that develops cancer treatments. *Id.* ¶ 1. Plaintiff alleges that Defendants, "a group of market manipulators" led by Defendant Barry Honig, accumulated a controlling position in Plaintiff's stock. *Id.* ¶ 3. Plaintiff alleges that Defendants "pretended they sought legitimate returns" by investing in Plaintiff, but they really sought to manipulate Plaintiff. *Id.* Plaintiff alleges that Defendants "defrauded [Plaintiff] through illicit transactions for their enormous profit to the detriment of [Plaintiff]." *Id.* Plaintiff alleges that, among other things, Defendants caused Plaintiff to issue Defendants "tens of millions of dollars' worth of common stock;" cut Plaintiff off from legitimate investors; caused Plaintiff to be subjected to a SEC investigation; forced

1

Plaintiff to "publicly disclaim reliance on past financial statements rendered inaccurate by Defendants;" and caused Plaintiff to be delisted from trading on Nasdaq. *Id.*

Plaintiff brings state law claims against Defendants for 1) market manipulation in violation of section 25400 of the California Corporations Code; 2) unlawful business practices in violation of section 17200 of the California Business & Professions Code; 3) fraud and deceit in violation of sections 1709 and 1710 of the California Civil Code and California common law; 4) fraudulent concealment in violation of section 1710 of the California Civil Code and California common law; 5) constructive fraud in violation of section 1573 of the California Civil Code and California common law; 6) negligent misrepresentation in violation of section 1710 of the California Civil Code and California common law; 7) tortious interference with prospective economic advantage; 8) breach of fiduciary duty; and 9) restitution for unjust enrichment. (ECF No. 1-2). Plaintiff seeks damages, including punitive damages, attorneys' fees, costs, and pre- and post-judgment interest. Plaintiff requests that the Court require Defendants "to make a full disclosure and accounting of their interests and transactions in Plaintiff's securities" and seeks "other legal and equitable relief as [the Court] may deem proper." *Id.* at 42.

On March 21, 2019, Plaintiff filed a petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. (ECF No. 21-1 at 9).

On May 24, 2019, Defendants OPKO Health, Inc., Steven Rubin, Philip Frost, and Frost Gamma Investments Trust (collectively, the "OPKO Defendants") removed Plaintiff's California state court action to this Court "[p]ursuant to 28 U.S.C. §§ 1334, 1441 and 1452." (ECF No. 1 at 3). The OPKO Defendants removed this action on the grounds that this Court has jurisdiction based on this action's relationship to Plaintiff's bankruptcy action. (ECF No. 1 at 5). The Notice of Removal states that the claims brought by Plaintiff "represent an asset of the estate" in Plaintiff's bankruptcy action. Any recovery in this action "will have an effect on MabVax's bankruptcy estate as it will inure to the benefit of creditors." *Id.* The OPKO Defendants assert that this Court, therefore, has jurisdiction

2

under 28 U.S.C. § 1334, because this action is "related to" Plaintiff's bankruptcy action. *Id.* at 4.

On May 31, 2019, Defendants Robert Prag, The Del Mar Consulting Group, Inc., and The Del Mar Consulting Group, Inc. Retirement Plan Trust (collectively, the "Del Mar Defendants") filed an Answer. (ECF No. 7).

On June 13, 2019, Plaintiff filed a Motion to Remand this action to state court. (ECF No. 21). Plaintiff contends that the Court should exercise its discretion to remand this action pursuant to 28 U.S.C. § 1452(b). Plaintiff contends that each of the 14 factors courts may consider pursuant to § 1452(b) weigh in favor of remand. *Id.* at 11. On July 1, 2019, the OPKO Defendants filed a Response in opposition to Plaintiff's Motion to Remand. (ECF No. 48). The OPKO Defendants contend that this Court has subject matter jurisdiction pursuant to § 1452, and the 14 factors weigh in favor of maintaining this action in federal court. (ECF No. 48 at 5-6).

On July 1, 2019, Defendants Michael Brausner, Grander Holdings, Inc., and Grander Holdings, Inc. 401K (collectively, the "Grander Defendants") joined the OPKO Defendants' Response. (ECF No. 51). On July 2, 2019, Defendants Honig, GRQ Consultants, Inc., GRQ Consultants, Inc. 401K, GRQ Consultants, Inc. Roth 401K FBO Barry Honig, GRQ Consultants, Inc. Roth 401K FBO Renee Honig, Barry and Renee Honig Charitable Foundation, Inc., Southern Biotech, Inc. (collectively, the "GRQ Defendants") joined the OPKO Defendants' Response. (ECF No. 55). Defendants John O'Rourke, III and ATG Capital, LLC also Joined the OPKO Defendants' Response.[1] (ECF No. 56). On July 8, 2019, Plaintiff filed a Reply. (ECF No. 65).

II. **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party seeking to remove a case from state court

---

[1] The Court will, hereinafter, refer to all Defendants that filed or joined the OPKO Defendants' Response as "Defendants."

to federal court "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The propriety of removal may be "tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). There is a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statutes are strictly construed against removal; "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

28 U.S.C. § 1452 governs the removal of claims related to bankruptcy proceedings. Under § 1452, "[a]ny party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if the district court has jurisdiction . . . under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 provides that district courts have original, but not exclusive, jurisdiction of all civil actions "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding is "related to" a bankruptcy case if "'the outcome of that proceeding could conceivably have an effect on the estate being administered in the bankruptcy;'" that is, if the outcome "'could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

Section 1452(b) allows the court to which an action has been removed under subdivision (a) to "remand such claim or cause of action on any equitable ground." In determining whether equitable remand is appropriate, "[c]ourts may consider up to fourteen factors." *Nielsen v. Nielsen*, 419 B.R. 807, 820 (B.A.P. 9th Cir. 2009) (citing *Citigroup, Inc. v. Pac. Inv. Mgmt.*, 296 B.R. 505, 508 n. 2 (Bankr. C.D. Cal. 2003)).

> The factors are: (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in

state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Nielsen*, 419 B.R. at 821 n. 18.

## III. DISCUSSION

### A. Original Jurisdiction

Plaintiff does not contest that this Court has original jurisdiction over this action because it is "related to" Plaintiff's bankruptcy proceeding, pursuant to § 1334(b). Plaintiff and Defendants agree that "any recovery or outcome here will have an effect on MabVax's bankruptcy estate as it will inure to the benefit of creditors." (ECF No. 21-1 at 13 (quoting Notice of Removal, ECF No. 1 at 5)). As a potential asset, the outcome of this action could "conceivably have an[] effect" on Plaintiff's bankruptcy estate; therefore, it is "related to" Plaintiff's bankruptcy proceeding. *See Stokes v. Duncan*, No. MT-13-1097-TaPaJu, 2013 Bankr. LEXIS 4654, at *22 (B.A.P. 9th Cir., Sep. 23, 2013) (citing *Feitz*, 852 F.2d at 457).

### B. Equitable Considerations

Plaintiff contends that all fourteen equitable factors courts may consider pursuant to § 1452(b) favor remand. (ECF No. 21-1 at 11). Plaintiff has brought only state law claims. *Id.* at 11-14, 16. Plaintiff contends that remand would aid in the efficient administration of justice and support the principles of comity, because Plaintiff's action raises no federal or bankruptcy issues. *Id.* at 12-13, 15. Plaintiff commenced this action in state court prior to removal by the OPKO Defendants. *Id.* at 12-13. Plaintiff contends that there is no jurisdictional basis for the federal court to hear this case, apart from § 1334. *Id.* at 13. Plaintiff's action is a "noncore" proceeding. *Id.* at 14. The bankruptcy court cannot preside

5

19-cv-981-WQH-MSB

over a jury trial, and the state court deemed this action "complex." *Id.* at 14-15. Plaintiff contends that Defendants are forum shopping to get venue transferred to Delaware. Plaintiff would be prejudiced if this action were moved to Delaware because Plaintiff resides in California, and the conduct giving rise to the action occurred largely in California. *Id.* at 15-16. All 31 Defendants are non-debtors. *Id.* at 15.

Defendants contend that most factors weigh in favor of this Court retaining this action. Defendants contend that Plaintiff's state law claims are straightforward, so there is no need to refer them to state court. Both the district court and state court can provide a jury trial. (ECF No. 48 at 7-8). Defendants contend that there are two related cases involving Plaintiff in federal court, and the state proceeding was at an early stage when it was removed. *Id.* at 9. Defendants contend that this action is Plaintiff's primary remaining asset. *Id.* at 10-11. Defendants contend that Plaintiff is forum shopping in California state court, and Plaintiff will not be prejudiced if this action is heard in San Diego district court. *Id.* at 11-12.

The Court finds that the equitable factors articulated in *Nielsen* weigh in favor of remanding this action to state court. State law predominates in this action. Plaintiff has brought claims under California state statutes and common law. Plaintiff has raised no issues of federal law or bankruptcy law in the Complaint. This action is related to Plaintiff's bankruptcy action because any recovery in this action would be an asset to Plaintiff's bankruptcy estate. Remanding to state court would have little to no effect on the efficient administration of Plaintiff's bankruptcy estate. The first, second, sixth, and eighth factors, therefore, favor remand.

The fifth factor weighs in favor of remand. This Court's jurisdictional basis over this action is § 1334. Defendants cite no basis for subject matter jurisdiction pursuant to § 1441 in their Notice of Removal or Response. The seventh and twelfth factors also favor remand. Plaintiff is the only debtor in this case. All 31 Defendants are non-debtors. This action is not a "core proceeding." *See Maitland v. Mitchell*, 44 F.3d 1431, 1435 (9th Cir. 1995)

6

19-cv-981-WQH-MSB

("[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings.").

At least seven of the *Nielsen* factors weigh in favor of remand. The court in *McCarthy v. Prince* affirmed the bankruptcy court's remand based on similar findings. 230 B.R. 414 (B.A.P. 9th Cir. 1999). In *McCarthy*, the court concluded that the decision to remand was "easy." *Id.* at 418. The court found:

> All counts in the four-count complaint are grounded upon state law. Two of them are purely statutory theories . . . that do not commonly arise in bankruptcy. Federal subject-matter jurisdiction over the counts is merely concurrent with state courts and is not exclusive. To the extent they are asserted against a non-debtor party, . . . jurisdiction is more attenuated. State courts are, by definition, fully competent to resolve disputes governed by state law. Nor is the outcome of the action likely to impair the ability of the trustee to distribute the estate.

*Id.* (citations omitted). The court found that "[any] of these, and a host of other reasons, would justify an exercise of discretion to order remand under 28 U.S.C. § 1452(b)." *Id.* In this case, at least half of the *Nielsen* factors weigh in favor of remand, any one of which would be sufficient for this Court to exercise its discretion to remand. *See* 28 U.S.C. § 1452(b) (permitting remand on "any equitable ground"); *see also McCarthy*, 230 B.R. at 417-18 (to be affirmed on appeal, a district court's decision to remand need only be supported by "any plausible basis").

The only factor that weighs against remand is the fourth. There is no pending state court proceeding, because the state court proceeding has been removed. *Schulman v. Cal.*, 237 F.3d 967, 981-82 (9th Cir. 2001). There are two related federal cases pending in this Court, one of which has not been stayed pending the bankruptcy action. The fourth factor weighs against remand because some of the issues and facts underlying this action also predominate in the related federal action. However, the related federal action is against different defendants and is based on different legal claims. The fourth factor, therefore, does not outweigh the other factors suggesting remand. This is a state law case by a company in California, that suffered harm in California, with witnesses and documents

7

located in California. The remaining six factors are neutral. Accordingly, this Court exercises its "broad discretion" to remand this action. *See, e.g.*, *In re Roman Catholic Bishop*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007).

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 21) is GRANTED. This action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed under case number 37-2019-00018398-CU-SL-CTL. Defendants' Motions to Dismiss (ECF Nos. 8, 38, 68) are DENIED AS MOOT.

Dated: October 4, 2019

Hon. William Q. Hayes
United States District Court